UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMIE V. ANZUALDA,

      Petitioner,

v.                                                                        Case No. 06-C-1317

PAMELA WALLACE, Warden,

      Respondent.

**ORDER ON RULE 4 REVIEW**

On December 27, 2006, the petitioner, Jimmie V. Anzualda ("Anzualda"), filed a petition for a writ of habeas corpus (along with a motion for appointment of counsel) claiming that he is entitled to relief pursuant to 28 U.S.C. §§ 2241 and 2254. Because Anzualda did not file his habeas petition on the habeas corpus form supplied by the Clerk of Court in accordance with Civil Local Rule 9.1, this court ordered that he do so by February 1, 2007. On January 22, 2007, Anzualda re-filed his petition using the form supplied by the Clerk of Court. However, rather than completing the form by filling in the blanks thereon, Anzualda completed the form by, for the most part, merely referring to the text of the petition that he had previously filed on December 27, 2006. This is not what the court had in mind when it ordered Anzualda to re-file his petition in accordance with Civil L.R. 9.1. Nevertheless, the court has reviewed Anzualda's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Anzualda's habeas petition indicates that on May 22, 1987, and upon a plea of no contest, he was convicted of one count of second degree homicide by use of a dangerous weapon, contrary to Wis. Stats. §§ 940.01 and 939.63(1)(a)(2), and one count of possession of a firearm by a convicted felon, contrary to Wis. Stats. §§ 941.29(1)(a) and (2) in the Racine County Circuit Court. On that same date he was sentenced to a prison term of thirty-five years on the homicide charge and to a consecutive prison term of eight years on the firearm charge, both sentences enhanced under the repeater statute.

Thereafter, Anzualda apparently filed two postconviction motions as well as at least one motion for sentence modification. However, according to Anzualda's habeas petition, those particular motions were denied on October 28, 1988, and the petitioner did not file an appeal from that denial. (Pet. at 4.)

According to Anzualda, he filed another postconviction motion on July 26, 1990, which was denied on December 18, 1990. He attempted to appeal from that denial, but on June 11, 1991, the court of appeals dismissed the appeal. Thereafter, the Racine County Circuit Court judge entered a written order denying Anzualda's motion. On January 29, 1992, the Wisconsin Court of Appeals summarily affirmed the decision of the circuit court. (Pet. at 4-5.)

On November 26, 1996, Anzualda filed a motion to correct "an illegally imposed sentence." (Pet. at 5.) Anzualda appealed from that denial and the court of appeals summarily affirmed on April 22, 1998.

In November of 2005, Anzualda filed a "motion to correct an illegal sentence and for sentence modification." (Pet. at 5.) On May 18, 2006, the circuit court denied that motion. On July 5, 2006, "petitioner filed a notice of appeal which appeal is pending on that [motion]." All that

having been said, however, Anzualda asserts in his petition that "[t]his Federal Petitioner for Habeas Corpus is not raising any of the claims above, and arguments herein, as it is attacking the violations of fundamental constitutional rights." (Pet. at 5; emphasis in original.)

Based on all of the above, the court is concerned that Anzualda's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Anzualda's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

**NOW THEREFORE IT IS ORDERED** that on or before March 1, 2007 the respondent shall file a brief addressing the timeliness of Anzualda's habeas petition;

**IT IS FURTHER ORDERED** that on or before April 2, 2007 Anzualda shall file a brief in response to the respondent's brief on the issue of the timeliness of his habeas corpus petition.

**SO ORDERED** this 23rd day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4