UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMIE V. ANZUALDA,

      Petitioner,

  v.                                          Case No. 06-C-1317

PAMELA WALLACE, Warden,

      Respondent.

**DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION**

### I. BACKGROUND

On December 27, 2006, the petitioner, Jimmie V. Anzualda ("Anzualda"), filed a petition for a writ of habeas corpus (along with a motion for appointment of counsel) claiming that he is entitled to relief pursuant to 28 U.S.C. §§ 2241 and 2254. Because Anzualda did not file his habeas petition on the habeas corpus form supplied by the Clerk of Court in accordance with Civil Local Rule 9.1, this court ordered that he do so by February 1, 2007. On January 22, 2007, Anzualda re-filed his petition using the form supplied by the Clerk of Court. However, rather than completing the form by filling in the blanks thereon, Anzualda completed the form by, for the most part, merely referring to the text of the petition that he had previously filed on December 27, 2006. Nevertheless, the court reviewed Anzualda's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other

response within a fixed time, or to take other action the judge may order." During the course of conducting its Rule 4 review, and based on the assertions set forth in Anzualda's petition, this court became concerned that Anzualda's petition may have been filed in untimely fashion. Thus, the parties were ordered to submit briefs addressing only the issue of the timeliness of Anzualda's petition. Those briefs were thereafter filed and considered by the court. However, the matters set forth in those submissions triggered a further round of briefing on the issue of the timeliness of the petition. Those supplemental briefs have now been considered. For the reasons which follow, Anzualda's petition for a writ of habeas corpus will be dismissed as untimely.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Anzualda's habeas petition, as further supplemented by the parties' briefs and attachments thereto, demonstrates that on May 22, 1987, and upon a plea of no contest, Anzualda was convicted of one count of second degree homicide by use of a dangerous weapon, contrary to Wis. Stats. §§ 940.01 and 939.63(1)(a)(2), and one count of possession of a firearm by a convicted felon, contrary to Wis. Stats. §§ 941.29(1)(a) and (2) in the Racine County Circuit Court. On that same date he was sentenced to a prison term of thirty-five years on the homicide charge and to a consecutive prison term of eight years on the firearm charge, both sentences enhanced under the repeater statute.

Under Wisconsin law, a defendant who wishes to appeal his or her judgment of conviction must file a Notice of Intent to Pursue Postconviction Relief within twenty days of the entry of judgment. Wis. Stat. § 809.30(2)(b). Anzualda asserts that he did not appeal. Assuming that he did not file a Notice of Intent, his judgment became final either on the expiration of that twenty-day period, to wit, on June 11, 1987, or certainly no later than on or about August 21, 1987. *Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002). Because Anzualda's judgment of conviction became final before April 24, 1996, the effective date of the Antiterrorism & Effective Death Penalty Act ("AEDPA"), he had one year from the date of enactment, i.e., until April 24, 1997, to file his federal habeas petition. *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320 (1997). Thus, because

3

Anzualda's petition was not filed until December 27, 2006, it is untimely unless sufficient time between April 24, 1996 and December 27, 2006 is tolled under 28 U.S.C. § 2244(d)(2).

On November 26, 1996, Anzualda filed a motion to correct "an illegally imposed sentence." (Pet. at 5.) The November 26, 1996 motion commenced tolling the limitation period. However, by the time it had done so, 216 days (from April 24 until November 26) had already passed on the one-year limitation period. The circuit court denied the motion and Anzualda appealed the circuit court's decision. On April 22, 1998, the Wisconsin Court of Appeals affirmed the circuit court's decision. On May 27, 1998, the remittitur in Anzualda's appeal issued. Thus, on May 27, 1998, the one-year limitation period re-commenced running. Once it did so, Anzualda had 149 days (365 minus 216) within which to file his federal habeas petition.

The CCAP docket for Racine County Case No. 1986CF530, a copy of which is attached to the respondent's brief, indicates that on July 2, 1998, some sort of unidentified motion was filed in Anzualda's state court case. There are a number of other entries subsequent thereto, seemingly concluding with an entry on December 17, 1998, entitled "Review hearing." There are no other entries until July 31, 2003, on which date the docket indicates that "letters/correspondence" were filed. In other words, there was no activity in Anzualda's state court case for almost 4 ½ years (between December 17, 1998 and July 31, 2003). And, because there was no activity (i.e., no state post-conviction motions pending) during that period of time, there was no more tolling of the one-year limitation period. Such being the case, the one-year limitation period expired on or about May 15, 1999, i.e., 149 days after December 17, 1998.

To be sure, the docket indicates that on November 29, 2005, Anzualda filed a motion to correct an illegal sentence. The docket also reveals other various motions being filed thereafter (as

4

well as revealing the filing of the "letters/correspondence" on July 31, 2003).   But, by the time any of those motions (or "letters/correspondence") were filed, the one-year limitation period for filing a federal habeas corpus petition had already expired.  And, once the one-year limitation period expires, it cannot be revived by thereafter filing a state postconviction motion or collateral attack. *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004).

In his first brief on the issue of timeliness, Anzualda seems to argue that he is attacking the Racine County Circuit Court's failure/refusal to act on various petitions that in 2006 he filed in his state court case (Case No. 86CF530).  He asserts, among other things, that

> Petitioner was prevented from following state procedural rules or filing in the Circuit Court, and petitioner was prejudice[d] because he was not able to present his claim of constitutional violations. . . Clerk of Court and Judge Barry deliberately failure [sic] to file or consider petitioner[']s claim of actual innocents [sic] resulted in a fundamental miscarriage of justice.

(Pet'r's Br. at 5.)  However, whether or not the Racine County Circuit Court failed or refused to act on Anzualda's various 2006 state-filed petitions does not alter the fact that, assuming the one year limitation period commenced running when his state court judgment of conviction became final, then the one-year limitation period by which Anzualda had to file his federal habeas petition expired on May 15, 1999, and he did not file his petition until December 27, 2006.  Thus, if the one-year limitation commenced running when his judgment of conviction became final, Anzualda's federal habeas corpus petition must be dismissed as untimely.

5

That having been said, Anzualda attached to his first brief (and to his habeas corpus petition) copies of police incident reports (identified as Exhibits E and F) which he claims to contain exculpatory information; to wit, a statement by one of the shooting victims (Richard Barrientez, Jr.) that it was Anzualda's brother (nicknamed "Wedo") who shot him. Title 28 U.S.C. § 2244(d) provides that the one-year limitation period runs from the latest of several dates, the first being the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (§ 2244(d)(1)(A)), and the last being the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (§ 2244(d)(1)(D)).

In his petition Anzualda asserts the following:

> Petitioner states, that the prosecution never honored petitioner's "Demand for Discovery," . . . withheld (Exhibits E and F attached herewith) from petitioner and petitioner's trial counsel may have been ineffective trial counsel [by] failing to provide competent assistance under the applicable standards described in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner states, that the claim (Exhibits E and F attached therewith) did not even exist until after petitioner was denied relief on his last appeal. As a result, petitioner could not have preserved his claim in the State courts.

(Pet. at 10.) More particularly, Anzualda asserts that it was not until January 25, 2005, that he became aware of the police incident reports which contain the above-described allegedly exculpatory information. And, because it was not until January 25, 2005, that he discovered the reports, his federal habeas corpus petition was filed in timely fashion precisely because it was filed on December 27, 2006, i.e., within one year of the discovery of the incident reports.

The respondent argues that § 2244(d)(1)(D) does not save Anzualda's petition. To reiterate, section 2244(d)(1)(D) provides that, when applicable, the limitations period runs from "the date on

6

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Even assuming that the discovery of the incident reports could provide the factual predicate of a claim cognizable in a federal habeas corpus petition, the respondent's submission reveals quite clearly that the information set forth in the police incident reports could have been discovered through the exercise of due diligence long before January 25, 2005.

Indeed, among the documents filed with this court by the respondent are copies of newspaper articles reporting on the shooting incident out of which Anzualda's conviction arose. One of those articles, which appeared in the Racine Journal Times on July 27, 1986, reads, in pertinent part, as follows:

> Police said a suspect was at large Saturday night after an early-morning gunfight that left one man dead and another man in critical condition.
> Richard Barrientez, Jr., . . . died of a gunshot wound to the abdomen, county Medical Examiner John Esayian said.
> Carlos Gonzales, . . . was in critical condition in St. Luke's Saturday night with a gunshot wound in his upper right chest.
> . . . .
> According to police reports, the shooting occurred about 3:15 a.m. Saturday during a party at a home at 915 St. Patrick St.
> Police said no arrests have been made, and their investigation was continuing Saturday night.
> The investigation is being hampered by widely conflicting accounts from witnesses, police said.
> According to reports, Barrientez told police after Racine rescue squad members brought him to St. Luke's that a man he knew only by a nickname shot him because the man thought Barrientez had shot the man's friend.
> Arnold Gonzales . . . brought Carlos Gonzales to St. Luke's, police said. They said Arnold Gonzales told them the man with the nickname argued with Carlos Gonzales during the party, then followed the Gonzaleses out the door.
> Carlos Gonzales and the man exchanged more words, then the man pulled a small-caliber handgun and shot Carlos in the chest, police said Carlos told them.

(Resp't's Supp. Br., Ex. D, p. 4.) That the July 27, 1986 newspaper article makes reference to the very police reports which Anzualda now claims he did not see until January 25, 2005, leads

7

inescapably to the conclusion that such reports ( or certainly the information contained in the reports) could have been discovered through the exercise of due diligence long before January of 2005. After all, if the Racine Journal Times was aware of the reports' existence (and the information contained therein), Anzualda could, and should, have reasonably been aware of them.

In conclusion, and for all of the foregoing reasons, I am persuaded that Anzualda's federal habeas corpus petition was filed long after the one-year limitations period as set forth in 28 U.S.C. § 2244(d)(1) had expired. Thus, Anzualda's petition for a writ of habeas corpus will be dismissed.

**NOW THEREFORE IT IS ORDERED** that Anzualda's petition for a writ of habeas corpus be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 4th day of May 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge